## Case No. 10,989.

PERKINS et al. v. The PROSPECT.
[See Case No. 11,443.]

PERKINS (RUSSELL v.). See Case No. 12,-160.

PERKINS (SMITH v.). See Case No. 13,-091.

PERKINS (THOMPSON v.). See Case No. 13,972.

## Case No. 10,990.

PERKINS et al. v. UNITED STATES.

[4 Cliff. 321.] [1]

Circuit Court, D. Maine. Sept. Term, 1875.

INTERNAL REVENUE—ATTEMPT TO EVADE LIQUOR TAX.

The facts are the same, and the reasons given for the conclusion, in this case, are equally applicable, as in McGlinchy v. United States [Case No. 8,803], and the assigned errors were overruled on the same grounds.

[Error to the district court of the United States for the district of Maine.]

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

This was an action like the one reported and described in the preceding case [of McGlinchy v. United States, Case No. 8,803]. The case was removed to this court by the same processes, and the same reasons assigned for setting aside the verdict in the district court. [Case unreported.]

Strout & Holmes, for plaintiffs in error.
Nathan Webb, U. S. Dist. Atty.

CLIFFORD, Circuit Justice. Like the preceding case, the charge is that the spirits deposited in the bonded warehouse, as alleged in the declaration, were subsequently withdrawn for exportation without the payment of the internal revenue tax to which the same were subject; and that the spirits were exported from the port of Boston on board the schooner Mary Eliza, bound for St. Peters, a foreign port or place; that the said schooner actually sailed from that port, bound on that voyage, with the spirits on board. When she sailed, the schooner Henry also sailed from that port, and when at sea, the Henry, in pursuance of the previous arrangement with the shipper, took the spirits from on board the schooner Mary Eliza and they were by the Henry transported to the port of Gloucester, where the spirits were transferred from tin cans to liquor-barrels, and were subsequently forwarded, partly to Portland and partly to Boston, without the payment of the internal revenue tax to which the spirits were subject. Such tax remaining unpaid, the United States, under the act of March 3, 1823, instituted in the district court an action of debt, to recover the penalty inflicted upon any person who shall receive, conceal, or buy any goods, wares, or merchandise, knowing the same to have been illegally imported into the United States. 3 Stat. 781. Service was made, and the defendant [John W. Perkins] appeared and pleaded the general issue, which was joined, and he also set up two special defences.

1. That the action is barred by the statute of limitations of the United States.

2. That it is barred by the statute of limitations of the state.

Evidence was introduced for both sides, and the verdict and judgment were for the plaintiffs. Exceptions were taken by the defendant and he sued out a writ of error, and removed the cause into this court. All of the material questions involved in the assignment of errors are the same as those presented in the case just decided, and they must all be decided in the same way. Suffice it to refer to the several acts of congress, which support the claims of the plaintiffs, without repeating the reasons given by the court in the other case for the respective conclusions. Provision is made for taxing distilled spirits by act July 13, 1866, § 32, and by act March 2, 1867, § 14 (14 Stat. 157; Id. 480).

Bonded warehouses are provided for by act July 13, 1866, § 28 (14 Stat. 155), and the same act provides for the exportation of property deposited in such warehouses, sections 40 and 41 authorizing distilled spirits to be deposited in warehouses. Articles exported without the payment of the internal revenue tax are, by act March 3, 1823, subjected to the penalty charged in this case. 3 Stat. 781.

It will be sufficient to say that the reasons given for the conclusion in the case just described are equally applicable in this case, and that all the errors assigned are overruled.

Judgment affirmed.